**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:04CV90-H**

| | |
|---|---|
| **JENKINS PROPERTIES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM AND ORDER** |
| _____ ) | |
| **RUSSELL C. DOANE,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

     **THIS MATTER** is before the Court on the following motions and memoranda:

     1. The Plaintiff's "Motion for Summary Judgment" (document #19) and "Memorandum in Support ..." (document #20), both filed December 15, 2005;

     2. The Defendant's "Motion for Summary Judgment and Brief" (both document #18), filed December 16, 2005;

     3. Defendant's "Brief in Response to Plaintiff's Motion for Summary Judgment" (document #22) filed December 29, 2005;

     4. Plaintiff's "Memorandum in Response to Defendant's Motion for Summary Judgment" (document #23) filed January 4, 2006; and

     5. "Defendant's Reply Brief [in Support of Defendant's Motion for Summary Judgment]" (document #24) filed January 10, 2006.

     The Plaintiff has not filed a Reply in support of its Motion for Summary Judgment and the time for filing a reply brief has expired.

     The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and

this motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the parties' respective Motions for Summary Judgment, as discussed below.

## I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

In this action, the Plaintiff seeks to recover damages for breach of contract, while the Defendant has filed counterclaims for breach of contract and conversion.

The Plaintiff, Jenkins Properties, Inc., is a North Carolina corporation with its principal place of business in Wilkes County, North Carolina, that is engaged in the business of restoring classic cars. Defendant Russell C. Doane is a resident of Wisconsin.

On April 21, 1999, the parties entered in to a "Contract," whereby the Plaintiff agreed to sell to the Defendant and perform restoration services upon a 1942 Buick automobile (the "Automobile"), including restoration and conversion of the Automobile from one model to another, for a contract price not to exceed $82,500.00. As part of the Contract, the Defendant also purchased two "parts cars" from the Plaintiff.

Taking the facts in the light most favorable to the Plaintiff, the parties fully performed their obligations under the Contract, that is, the Plaintiff performed the work that was the subject of the Contract and the Defendant paid the Plaintiff $82,500. Taking the facts in the light most favorable to the Defendant, although he paid the Plaintiff the full amount due, he subsequently discovered that the Plaintiff had failed to perform the conversion and restoration in the manner warranted in the Contract.

The Plaintiff further alleges, however, and the Defendant concedes for these purposes, that sometime after December 1999, the parties agreed that the Plaintiff would perform additional services on the Automobile and that by sometime in August 2000, the Plaintiff had fully performed those services.

In the light most favorable to the Plaintiff, on August 31, 2000 it sent a final invoice to the Defendant in the amount of $40,269.20, that was payable in full on September 30, 2000.

Sometime after the Plaintiff completed the additional restoration work, it permitted the Defendant to take possession of the Automobile in order to display it at auto shows, but Plaintiff retained possession of the title documents to the Automobile as well as possession of the "parts cars," or what remained of them following the conversion of the Automobile.

It is undisputed that the Defendant never paid the invoice, although the Plaintiff alleges that through sometime in April 2002, the Defendant continued to make oral promises to the Plaintiff's President, Lewis H. Jenkins, Jr., that he would pay it.  In April 2002, the Defendant informed the Plaintiff that he would not pay the invoice.

On June 4, 2004, the Plaintiff filed its Complaint in the Superior Court of Wilkes County, alleging a single claim for breach of contract and seeking to recover $76, 269.20 in damages, that is, the full amount of the unpaid invoice plus storage fees for the parts cars.

On July 7, 2004, the Defendant removed the state court action to federal court, alleging diversity subject matter jurisdiction.  Removal has not been questioned and appears proper.

The same day, the Defendant filed its "Answer and [Three] Counterclaims" (document #2). In his first Counterclaim, the Defendant seeks to recover more than $75,000 in damages for breach of the Contract, that is, the Plaintiff's alleged failure to properly perform the initial conversion and

restoration. Pursuant to second and third Counterclaims, the Defendant seeks to recover possession of the Automobile's title documents and the parts cars, or, in the alternative to the parts cars, $5,000 in additional damages, under a theory of conversion.

On July 21, 2005, the Court issued a Pretrial Order and Case Management Plan, setting the discovery deadline and dispositive motions deadlines for October 31 and November 30, 2005, respectively.[1]

On September 1, 2005, the undersigned conducted the Initial Pretrial Conference ("IPC") in chambers with the parties' counsel and discussed, among other things, the parties' cross-contentions that the other party's breach of contract claim was barred by the three-year statute of limitations. The parties agreed to mediate this matter, but requested that the mediation not take place until after the Court had resolved the statute of limitations issue on Motions for Summary Judgment.

On September 6, 2005, the undersigned entered an "Order for Mediated Settlement Conference," appointing Gary S. Hemric as mediator and directing that the mediation take place on or before January 31, 2006.

On December 15, 2005, the Plaintiff filed its Motion for Summary Judgment which contends that the Defendant's breach of contract counterclaim was untimely filed, but does not address the Defendant's conversion counterclaims.[2]

The next day, the Defendant filed his Motion for Summary Judgment, similarly contending that

---

[1]In response to a consent motion from the parties, the dispositive motions deadline was later extended to December 16, 2005. See "Order" (document #17).

[2]In his brief, the Defendant contends that his conversion claims, which are governed by the statute of limitations stated in N. C. Gen. Stat. § 1-52(4), are not time barred, and the Plaintiff has not addressed, much less disputed this issue. Morever, it appears that the three-year statute of limitations on those claims did not begin to run until the Defendant demanded the return of the Automobile's title and the parts cars on February 21, 2002, and accordingly, that those claims were timely filed.

4

the Plaintiff's single breach of contract claim is barred by the statute of limitations.

In his response to the Plaintiff's Motion for Summary Judgment, the Defendant concedes that his breach of contract counterclaim was untimely filed and must be <u>dismissed</u>. <u>See</u> Defendant's "Brief in Response to Plaintiff's Motion for Summary Judgment" at 3 (document #22).

Concerning its breach of contract claim, the Plaintiff admits that the Complaint was filed more than three years after the claim accrued, but contends that the statute of limitations was tolled by the oral promises that the Defendant made that the invoice would be paid. <u>See</u> Plaintiff's "Memorandum in Response to Defendant's Motion for Summary Judgment" at 1-3 (document #23).

The parties' cross-motions have been fully briefed as set forth above and are, therefore, ripe for disposition.

## II. <u>DISCUSSION</u>

### A. <u>Standard of Review</u>

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted when the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." <u>Accord Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979). Once the movant has met its burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). However, the party opposing summary judgment may not rest upon mere allegations or denials and,

in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment. Id. at 249-50. Moreover, it is well settled that "affiants' statements [must be] made based on personal knowledge" and may not merely repeat the non-moving party's allegations. See Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 135 (4th Cir. 2002) (considering disputed affidavits which were based on affiants' personal knowledge).

When considering summary judgment motions, courts must view the facts and the inferences therefrom in the light most favorable to the party opposing the motion. Id. at 255; Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990); Cole v. Cole, 633 F.2d 1083 (4th Cir. 1980). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted).

## B. Defendant's Motion for Summary Judgment

As the parties agree, the North Carolina statute of limitations for an action upon a "contract, [or an] obligation or liability arising out of a contract, express or implied," is three years. N.C. Gen. Stat. § 1-52(1). The statutory period begins to run on the date the contract is allegedly breached, in this case, September 30, 2000, the day that the invoice was due to be paid. See Pearce v. N.C. State Highway Patrol Voluntary Pledge Comm., 310 N.C. 445, 312 S.E.2d 421 (1984). Accordingly, the Plaintiff's Complaint filed on June 4, 2004 was untimely filed.

Moreover, and the Plaintiff's arguments to the contrary notwithstanding, the Defendant's alleged oral promises to pay the debt are insufficient to toll the statute of limitations. Accord N.C. Gen. Stat. § 1-26 ("[n]o acknowledgement or promise is evidence of a new or continuing contract,

from which the statutes of limitations run, unless it is contained in some writing signed by the party to be charged thereby); and  Norris v. Belcher, 86 N.C. App. 459, 461, 358 S.E.2d 79, 80 (1987) (where promise to pay was oral, equitable estoppel would not toll statute of limitations because  "[a] new promise to pay a debt fixes a new date from which the statute of limitations runs, but ... such a promise must be in writing to be binding"), citing Pickett v. Rigsbee, 252 N.C. 200, 113 S.E.2d 323 (1960).  Indeed, the authority the Plaintiff cites,  Nowell v. Great Atlantic & Pacific Tea Co., 250 N.C. 575, 108 S.E.2d 889 (1959),  is inapposite expressly because the promises the court held sufficient to toll the statute of limitations in that case were written.  250 N.C. at 576-77, 108 S.E.2d at 889-91.

In short, where the Plaintiff's Complaint was filed more than three years after its breach of contract cause of action accrued, and there is no basis for tolling the statute of limitations, the Defendant's Motion for Summary Judgment must and will be granted.

### C.  Plaintiff's Motion for Summary Judgment

For the same reasons discussed above, and as the Defendant concedes, his breach of contract counterclaim, which was filed more than three years after it accrued, must also be dismissed. Accordingly, the Plaintiff's Motion for Summary Judgment on the Defendant's breach of contract counterclaim will be granted.

### III.  ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1.  The Defendant's "Motion for Summary Judgment" (both document #18) is **GRANTED**; and the Complaint is **DISMISSED WITH PREJUDICE**.

2. The Plaintiff's "Motion for Summary Judgment" (document #19) is also **GRANTED**; that is**,** the Defendant first Counterclaim for breach of contract is **DISMISSED WITH PREJUDICE**.

3. Concerning the Defendant's remaining Counterclaims (for conversion of the Automobile's title documents and the parts cars), the parties and their counsel are directed to make a good faith effort to resolve these remaining issues informally, and if they are unsuccessful, to conduct the required Mediated Settlement Conference with Mr. Hemric on or before May 31, 2006.

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to Gary S. Hemric, James, McElroy & Diehl, 600 South College Street, Suite 3000, Charlotte, NC 28202.

**SO ORDERED, ADJUDGED AND DECREED**.

Signed: January 24, 2006

Carl Horn, III
United States Magistrate Judge